UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ALEXCIA PATTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 15 C 10277 |
| | ) | |
| v. | ) | Judge: Dow |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge: Martin |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND JURY DEMAND**

Defendants, City of Chicago, and Chicago Police Officers John Sandoval, Jose Duran, Shawn Alonzo, Marcos Bocanegra, Daniel Honda, Miguel Romero, David Lopez, Todd Olsen, Luis Loaiza, German Vazquez, Angelo Mandile, Angelo Velazquez and Angelo Ramundo ("Defendants"), for their Answer to Plaintiff's First Amended Complaint, state as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

**ANSWER**: Defendants admit that this is a money action brought by Plaintiff under 42

U.S.C. §1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER**: Defendants admit that jurisdiction is proper within this Court.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER**: Defendants admit that venue is proper within this Court.

**Parties**

1

4. Plaintiff Alexcia Patton is a resident of Chicago, Illinois.

**ANSWER**: Defendants lacks sufficient knowledge and information to admit or deny

allegations regarding Plaintiff's residency.

5. Defendants JOHN SANDOVAL, JOSE L. DURAN, SHAWN P. ALONZO, MARCOS BOCANEGRA, DANIEL C. HONDA, MIGUEL A. ROMERO, DAVID LOPEZ, TODD M. OLSEN, LUIS A. LOAIZA, GERMAN J. VAZQUEZ, ANGELO MANDILE, ANGELO C. VELAZQUEZ, and ANGELO P. RAMUNDO ("Defendant-Officers") are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER**: Defendants admit that the named officers are duly appointed and sworn

Chicago Police Officers, and that at all times relevant to this Complaint, they

were acting in the course and scope of his employment, and under color of

state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

## Facts

8. In January 2015, Plaintiff Alexcia Patton lived at 3412 W. Douglas Boulevard, Apartment 3C.

**ANSWER**: Defendants lacks sufficient knowledge and information to admit or deny the

allegations in this paragraph.

9. On or about January 11, 2015, Defendant-Officer John Sandoval, Star Number 7573, obtained a search warrant that called for the search of "Tony 'Tone' Bush" and of "the third floor apartment of a multi-unit apartment building located at 3412 W. Douglas Boulevard, Chicago, Illinois, Cook County, 60623."

2

**ANSWER**: Defendants admit the allegations as contained in this paragraph.

10. The structure located at 3412 W. Douglas Boulevard is a multi-unit apartment building with two separate and distinct apartments on each floor.

**ANSWER**: Defendants deny that the structure characterized in this allegation is located solely at the address of 3412 W. Douglas, and therefore deny the allegations contained in this paragraph.

11. The apartments on the third floor of 3412 W. Douglas Boulevard have separate entry doors and are marked with designations "3C" and "3D." The front doors to these two separate apartments are immediately adjacent to one another.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

12. On or about January 12, 2015, in the late morning, the Defendant-Officers including John Sandoval went to 3412 W. Douglas Boulevard to execute the search warrant that called for the search of the "third floor apartment" at this address.

**ANSWER**: Defendants admit that on or about January 12, 2015, in the late morning, the Defendant Officers including Defendant Sandoval went to 3412 W. Douglas Boulevard to execute a search warrant at an apartment on the third floor, south door, at this address, as clearly stated in the complaint for search warrant narrative that accompanies the search warrant but deny that any Defendant intended to search or did search any unit other than the southern, third-floor apartment at 3412 W. Douglas Boulevard.

13. The search warrant did not indicate which third floor apartment was to be searched.

**ANSWER**: Defendants admit that the search warrant calls for the search of "the third floor apartment of a multi-unit apartment building located at 3412 W. Douglas Blvd., Chicago, IL, Cook County, 60623," but deny that the search warrant did not indicate "which" third floor apartment at 3412 W. Douglas was to be searched because there was not more than one such third floor

3

apartment at that particular address. Answering further, Defendants deny that the accompanying complaint for search warrant narrative did not expressly indicate which apartment was to be searched.

14. The Defendant-Officers entered 3412 W. Douglas Boulevard through the front door and walked up the stairs to the third floor.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

15. The Defendants executed the search warrant in Apartment 3D.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

16. After searching Apartment 3D, Defendants then used a battering ram to enter Plaintiff's apartment (3C), the apartment next door to the unit they had already searched.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

17. The Defendant-Officers entered Plaintiff's apartment.

**ANSWER**: Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph.

18. Defendant-Officers conducted a thorough search of Plaintiffs' apartment, including opening drawers and dumping out their contents and flipping over mattresses.

**ANSWER**: Defendants admit that a thorough search of an apartment on the third floor, south, of 3412 W. Douglas Boulevard was performed, and that it included opening drawers, emptying out their contents, and flipping over mattresses. Defendants deny the characterization that the drawer contents were "dumped" out. Further, Defendants lack sufficient knowledge and information to admit or deny whether the apartment searched was Plaintiff's.

19. The Defendant-Officers caused significant property damage while in Plaintiff's apartment, including cutting open the fabric of Plaintiff's daybed and futon; emptying packages of food on Plaintiff's kitchen floor; and stepping on Plaintiff's clothing in dirty shoes, and throwing Plaintiff's clothing around the apartment.

**ANSWER**: Defendants deny the allegations that significant property damage was done in the apartment searched; Defendants deny cutting open the fabric of any day bed and futon; Defendants deny emptying packages of food on the searched apartment's floor; and deny throwing any clothing around the apartment. Defendants lack sufficient knowledge and information to admit or deny whether the apartment searched was Plaintiff's, and whether any clothing was stepped on by dirty shoes.

20. No contraband or evidence of criminal activity was found in Plaintiffs' apartment.

**ANSWER**: Defendants admit that no contraband or evidence of criminal activity was found in the apartment in which the search warrant was executed. Defendants lack sufficient knowledge and information to admit or deny whether the apartment searched was Plaintiff's.

21. No one named "Tony" or "Tone" ever lived in Plaintiff's apartment.

**ANSWER**: Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph.

22. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

23. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including property damage, emotional distress, and other damages.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 — Illegal Search of Home)

24. Plaintiffs reallege paragraphs 1 through 23 as if fully set forth herein.

**ANSWER**: Defendants restate their answers to paragraphs 1 through 23 for their answers to paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendant-Officers searched Plaintiff's home.

**ANSWER**: Defendants lacks sufficient knowledge and information to admit or deny the allegations in this paragraph.

26. Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

**ANSWER**: Defendants deny that they did not have a search warrant to search the third floor-south apartment at 3412 West Douglas in Chicago. Answering further, Defendants admit that no consent or exigent circumstances to search said apartment existed. Answering further, Defendants lack sufficient knowledge and information to admit or deny whether the apartment searched was Plaintiff's.

27. Searching Plaintiff's home without any legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER**: Defendants lack sufficient knowledge and information to admit or deny whether the apartment searched was Plaintiff's. Answering further, Defendants deny the remaining allegations contained in this paragraph.

## COUNT II
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

29. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER**: Defendants deny that they acted as described in the claims above, unless stated otherwise above, and deny that any acts they performed were willful and wanton. Defendants admit that the search of a third floor-south

apartment of 3412 W. Douglas Boulevard was performed by Defendants in the scope of their employment.

30. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

**ANSWER**: Defendants admit that in Illinois, public entities are empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in the referenced Act.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to all Counts in Plaintiff's First Amended Complaint and against Plaintiff, including for costs for defending this suit, and enter any other relief in favor of the Defendants and against Plaintiff that this Court deems just and proper.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Defendants are government officials who perform discretionary functions. At all times material to the events alleged in Plaintiff's First Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed his actions to be lawful, in light of clearly established law and the information that Defendant possessed. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law.

2. To the extent which Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that she had a duty to mitigate those claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1989).

## JURY DEMAND

The Defendants requests a trial by jury.

                                          Respectfully submitted,

                                          */s/ Jessica Gomez-Feie*
                                          Jessica Gomez-Feie
                                          Assistant Corporation Counsel

City of Chicago Department of Law
Federal Civil Rights Litigation
30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-8362
(312) 744-6566 (FAX)
Atty. No. 6319199

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEXCIA PATTON, | ) |
| | ) NO. 15 CV 10277 |
| Plaintiffs, | ) |
| | ) Judge: Dow |
| CITY OF CHICAGO, | ) |
| JOHN SANDOVAL, and JOHN DOES 1-10 | ) Magistrate Judge: Martin |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:  Amanda S. Yarusso
　　　Adele D. Nicholas
　　　Lawrence V. Jackowiak
　　　Jackowiak Law Offices
　　　111 W. Washington Street, Suite 1500
　　　Chicago, IL 60602
　　　ljackowiak@jackowiaklaw.com

　　　PLEASE TAKE NOTICE that on this 28th day of April 2016, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, a copy of which is herewith served upon you.

　　　I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 28th day of April 2016.

　　　　　　　　　　　　　　　　　　　　/s/ Jessica Gomez-Feie
　　　　　　　　　　　　　　　　　　　　Jessica Gomez-Feie
　　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel